PER CURIAM:
Claimants, Robert and lane Anderson, are the owners of a triangular shaped lot in *96 Cross Lanes, Kanawha County, which fronts West Virginia Secondary Route 62. They brought this action alleging that a paving and drainage project known as the Cross Lanes Connector Project has caused flooding on their property. The Cross Lanes Connector Project was performed by Danis Industries Corporation in accordance with a contract awarded in April 1990 by respondent. Claimants maintain a one-story building on the property in which their business, Huskey’s Dairy Bar, is located. To the rear of this building claimants reside in a mobile home. There is also a tool shed located on the property and claimants have a truck trailer parked on the lot.
Claimants allege that flooding on their property has caused damages of approximately $ 1,354.72. The damages include the amount of $250.00 for a survey and replacement of property markers for $250.00. Claimants were required to replace their tool shed and construct a block wall. Building materials were in the amount of $854.72 for a total claim of $1,354.72 in damages.
The evidence adduced at the hearing on July 21,1993, established that claimants have been in business at this location for seventeen years. The first flooding which occurred on the property was in August 1990 during the construction of the Cross Lanes Connector Project. The claimants contend that water during heavy rains overflows from the drainage structures onto their property as a result of the failure of respondent to remove debris which collects on a grate over the top of a box culvert. Photographs were placed in evidence depicting the construction activities and the area surrounding claimants’ property.
Findings of Fact
1. The Cross Lanes Connector Project was a paving and drainage project for W.Va. Routes 622 and 62. Subsurface draining was placed in order to provide drainage in the area and to prevent surface water from standing on the road.
2. The natural drainage for this area is behind claimants’ property where the water flowed in a ditch along Lake Shore Drive to the Rocky Fork Creek prior to the Cross Lanes Connector Project.
3. The original construction plans for the Cross Lanes Connector Project required the placement of a 24-inch concrete pipe, but a utility line was discovered and respondent altered the plans by requiring the placement of dual 18-inch pipes. These two pipes adjoin a 24-inch pipe with a drop inlet and grate over the pipes.
4. Water in the area of claimants’ property now flows southerly into drain pipes beneath W.Va. Secondary Route 62, and to the rear of claimants’ property in drainage pipes which are beneath Lake Shore Drive, and, eventually, the water flows northeasterly into Rocky Fork Creek, which flows in a south to north direction.
5. After the construction was completed, claimants contracted respondent by letter and in person to advise respondent that water was flowing onto their property. Respondent’s employees visited the scene and determined that the water problems were not the result of the construction.
*97 6. A construction easement was obtained by respondent adjacent to claimants’ property to provide access for its contractor to place the drainage structures. However, claimants gave the contractor permission to move their truck trailer during construction and requested the contractor to move it back to its original position after the construction project. This was eventually done by the contractor. Respondent was not involved with these negotiations.
7. The Cross Lanes Connector Project was constructed in accordance with the plans and specifications provided by the respondent to its contractor.
8. The evidence and photographs in this claim substantiate respondent’s contention that there is flooding in this area due to low lying properties; more particularly, Sun Valley Drive to the north of W.Va. Secondary Route 62, has been an area with flooding problems for many years.
This Court urged the claimants on several occasions during preliminary appearances before the Court to obtain the assistance of counsel; however, claimants decided that they would proceed without benefit of counsel to assist them in the presentation of their claim. Although claimants may have a meritorious claim, they have failed to establish that respondent was negligent in the placement or maintenance of the drainage system abutting their property. Claimants’ attempts to marshal and present evidence were wholly ineffective. This Court cannot assume the burden of proving claimants’ claim and the Court will not speculate in order to find liability or to determine damages on behalf of the claimants. Thus, the Court finds that the claimant have failed to establish any negligence on the part of the respondent.
In accordance with the findings of fact as stated above the Court is of the opinion to and does deny this claim.
Claim disallowed.